[No. 693.  Decided March 10, 1893.]

JOSEPH B. WOOD, *Appellant*, v. H. P. NICHOLS AND SPIRO BISAZZA, *Respondents*.

RESCISSION — PLACING PARTY IN STATU QUO — TENDER.

In an action to obtain the re-conveyance of land on the ground of fraudulent misrepresentation, a tender of the purchase price less the commission paid the agent negotiating the sale, he being the agent of the party seeking rescission, is not sufficient to uphold the action. (HOYT, J., dissents.)

*Appeal from Superior Court, Mason County.*

*C. W. Hartman*, for appellant.
*George D. Blake*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The plaintiff and appellant was the owner of certain land in Mason county, and he employed the respondent Nichols, a real estate agent, to negotiate a sale thereof for him. Sometime thereafter Nichols, as is claimed by appellant, informed him that Bisazza, one of the respondents, owned four lots in Galligher's Addition to Olympia which he would give, with $300 in money, for appellant's land, and appellant claims a trade was negotiated upon that basis.

It does not appear that either of the respondents had seen said lots, or knew anything definitely as to their value or their situation. A deed from respondent Bisazza of four lots was submitted to appellant, and the same were therein described as being in Galligher's Addition to Brighton Park. The appellant found some fault with the deed in this particular, and also for the further reason that, according to a map which was inspected at the time, it appeared that there were two additions platted at different

times and known respectively as Galligher's •First and Second Additions to Olympia. Galligher's Addition to Brighton Park was a separate plat, without the city limits, and was not shown upon the map inspected. Some conference was had at that time between appellant and respondents and other parties with reference to the location of said lots, and appellant claimed it was represented to him that said lots were in Galligher's First Addition to Olympia, and the trade was consummated.

Sometime thereafter appellant undertook to locate said lots and found them, as he claimed, situated in a lake about one hundred rods long and seventy-five or eighty rods wide; said lots being about two hundred feet from the shore of said lake and covered with water from ten to twenty feet deep; and that, in consequence thereof, the same were worthless. And he brought this action to obtain a re-conveyance of the lands that he had deeded to the respondent Bisazza therefor.

No tender was made, before the action was commenced, of the moneys which appellant had received from said Bisazza, nor was any deed tendered to him of the lots in question. After the institution of the suit, at the commencement of the trial, appellant made a tender of a deed to said lots and the sum of $200 in money. It appears and is conceded that Bisazza paid $300 in money, $200 of it to appellant personally and $100 to Nichols, who was authorized to receive the same by appellant. Nichols retained this $100 as his commission. But appellant claimed that he (appellant) was entitled to $50 of said $100. At the conclusion of his case, upon a motion therefor by respondents, the court dismissed the action.

It appears from the testimony introduced that the location of said lots was misrepresented to appellant at the time of said sale, and he claims that such misrepresentations were fraudulent, and that in any event he is entitled to re-

cover whether fraudulent or not, the parties having been mistaken as to the location of said lots.

The lower court found that appellant had not made out a case in this·particular, and it also found that he could not recover in consequence of his not having tendered the sum of $300 with a deed to the lots to the respondent Bisazza. Upon this last ground, at least, the decision of the lower court must be sustained. . At no time did appellant offer to pay to Bisazza the sum of $300, but he proceeded upon the theory that as $200 was the only money he had received individually, it was all he was called upon to refund. It is conceded, however, that Nichols was his agent in the premises and that the commission for negotiating said sale was due from him to Nichols.

Under the circumstances appellant was in no position to maintain the suit and the court properly dismissed it.

Affirmed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J. (*dissenting*). — I am unable to concur in the affirmance of the judgment in this cause. I agree with the majority of the court that the transaction was such that the plaintiff was entitled to have it avoided, and have his lots returned to him. I also agree with them that he could only have this done upon payment to the defendants of the three hundred dollars. In my opinion, however, equity having jurisdiction of the matter, it should not dismiss the action, but should allow plaintiff the relief to which he is entitled upon such conditions as will fully protect the rights of the other parties. It does not consist with my idea of equity to dismiss a plaintiff who is shown to be entitled to relief upon the performance by him of certain conditions simply for the reason that he did not tender a compliance with such conditions at the time he commenced his action. I think the proper course in such

a case is for the court to grant the relief upon condition
that plaintiff shall do what he ought to have offered to do
before the commencement of the action, and impose such
further terms by way of the costs of the action as will put
the defendants in as favorable a condition as they could
have been if the tender of the conditions had preceded the
suit.    Under this rule the judgment in the case at bar
should be reversed, and the cause remanded with instruc-
tions to grant the relief prayed for by plaintiff upon con-
dition that he re-convey the lots, conveyed to him, by deed
warranting against his own acts, and pay to the defendants
the said sum of three hundred dollars, and interest thereon
from the time he received it, and all costs of the action.