JAMES PEDLEY, Appellee, v. G. O. FREEMEN, Appellant.

**Vendor and vendee:** RECISSION OF CONTRACT: RECOVERY OF PAYMENTS.
1  Where the vendor of land elects to rescind the contract because of failure of the vendee to make his payments and retakes possession which is acquiesed in by the vendee, there is a complete abrogation of the contract and the vendee may recover the amount paid, irrespective of any false representation of the vendor in procuring the contract.

**Pleading:** INCONSISTENT REMEDIES. Where the original petition of
2  the vendee of land sets out the essence of a demand for rescission of the contract of sale and asks a recovery of the amount paid and cancellation of the contract and notes given for future payments, an amendment pleading a rescission by the vendor and asking a return of the advance payment does not present an inconsistent remedy.

*Appeal from Cerro Gordo District Court.*— HON. CLIFFORD
P. SMITH, Judge.

TUESDAY, NOVEMBER 20, 1906.

ACTION in equity to rescind contract for the sale of
land and to recover payment advanced upon such purchase.
There was a decree as prayed and defendant appeals.— *Affirmed.*

*J. J. Clark* and *C. H. Allen,* for appellant.

*D. W. Hurn* and *Cliggett, Rule & Keeler,* for appellee.

WEAVER, J.— It is shown without dispute that the
parties entered into a written contract for the sale by
defendant to plaintiff of a tract of land in Cerro Gordo
county, Iowa. There was some snow on the land at the
time, and plaintiff was not acquainted with the character
or quality of the soil, except as he was able to note it under
the then existing conditions. He paid $1,000 at or near the
date of the contract, and went into possession, retaining it
during the season of 1903. At or near the close of the
year plaintiff refused to proceed further with his contract,
and defendant on March 1, 1904, served written notice on
him that he (defendant) had elected to and did rescind the
contract because of plaintiff's failure to pay the installment
of purchase money due by the terms of the sale. Soon
after the service of this notice defendant retook and has
ever since held possession of the land. Plaintiff brings this
action to recover back the payment made by him and to
have the contract declared canceled; alleging as ground for
such relief that he was induced to enter into said agreement
by the false representations of defendant as to the character
and quality of the land, and further says that defendant
has retaken and is in possession of the property. These
allegations are denied by the defendant, who further alleges

that plaintiff, by remaining in possession and use of the land during the season of 1903, waived his right to rescind. By cross-bill the defendant also seeks to recover the purchase price of the land, and foreclose his vendor's lien therefor. The trial court found for the plaintiff that the contract be declared rescinded, and decreed the cancellation thereof and of the notes given by plaintiff for the deferred payments. Judgment was also rendered in plaintiff's favor for the $1,000 paid by him, less an amount allowed to defendant for the use of the premises while in plaintiff's possession.

Arguments of counsel are devoted largely to the evidence as to the alleged false representations pleaded by the plaintiff. In the view we take of the record, the truth of

1. VENDOR AND VENDEE: rescission of contract: recovery of payments.
these allegations is not necessarily a controlling factor in the case, and we shall not take the time to set out or discuss the testimony of the witnesses. We may say, however, that we think it fairly tends to show that the defendant did mislead the plaintiff as to the true condition and quality of the land, and that under the circumstances shown the plaintiff was justified in relying upon, and did in fact rely upon, the representations so made to him. But, be this as it may, and whether good and sufficient cause did or did not exist for either party to rescind and abandon the contract, we are of the opinion that the trial court was clearly right in holding that it was in fact rescinded or abandoned by both, and that defendant is in no condition to now insist upon an enforcement of the agreement according to its terms. As we have already stated, the defendant resumed possession of the land and asserted his right thereto in a written declaration that he " elected to rescind and did rescind " the contract of sale. This is something more than a mere declaration of forfeiture by which a seller seeks to eliminate the rights of a delinquent purchaser and retain advance payments received. It is a rescission, and a rescission implies the entire abrogation of the contract and a restoration of the

benefits received from the other party. This is elementary, and requires no citation of authorities. It is unnecessary to consider whether defendant had legally sufficient grounds for rescission. He claimed the right and undertook to rescind, resumed the possession and control of the property, and plaintiff acquiesces therein and makes no claim of right or title to the land. In this condition of affairs, there seems to be no room for controversy that the conclusion of the trial court was right. Such being the case, the points raised by counsel respecting the issues upon the cross-petition and the ruling of the court thereon need not be considered.

It is said on part of appellant that by the claims asserted in the plaintiff's petition he elected to confirm 'the sale, and cannot now insist upon its rescission; but, as we **2. PLEADINGS:** read the petition, it does not in any just sense **inconsistent remedies.** of the word affirm or recognize the validity of the contract. While that pleading is not a model of clearness in expressing the pleader's idea of the remedy, and does not use the word "rescind," it does allege ground on which rescission could be enforced, and avoids the necessity of tendering a return of the land to the defendant's possession by alleging that defendant already has the possession. This is followed by a prayer for recovery of the money he had paid on the contract, and for the cancellation of the contract and of the notes given for the deferred installments of the purchase price. This is the essence of a demand for rescission. The amendment to the petition to which the defendant excepted does no more than to plead the rescission made by the defendant, and upon the strength thereof asks judgment for a return of the advance payment. We think this does not make a case where the party seeks inconsistent remedies in the same action, and may be required upon motion of the other party to elect between them. Plaintiff had already pleaded a cause of action upon which he sought to recover back the advance payment made, and the amendment does no more than add another averment in

support of the same prayer for relief. This is also a sufficient answer to the further suggestion that the original petition is for equitable relief while the amendment pleads a demand for recovery at law. The conclusions above indicated render further discussion unnecessary.

We have examined the record and briefs with care, and find no reasons for disturbing the decree entered by the district court, and it is therefore *affirmed*.