[Civ. No. 984. First Appellate District.—May 21, 1912.]

## J. P. BERNARDO and M. L. BERNARDO, Appellants, v. FREDERICK ANTON SODERMAN, Respondent.

CONTRACT TO SELL LAND—RESCISSION BY VENDOR FOR DEFAULT IN PAYMENTS—CONSENT OF VENDEE—RECOVERY BACK OF PAYMENTS—DAMAGE FOR BREACH NOT RECOUPED.—Where the vendor in a contract for the sale of land elects to rescind the contract, and with the consent of the vendee does actually rescind because of the vendee's default in the prescribed payments, if the vendor does not seek to recoup any actual damage for the breach of the contract, the vendee may recover back all of the purchase money paid under the contract. Upon the vendee's breach, followed by a mutual agreement of abandonment and rescission of the contract, the vendee is entitled to a repayment of his money.

ID.—ADMISSION OF PLEADINGS—MUTUAL RESCISSION—DATE IMMATERIAL—STIPULATED FACTS—POSSESSION OF VENDOR—RIGHT OF PLAINTIFFS TO JUDGMENT.—Where the complaint alleged a mutual rescission on a certain date, and defendant merely denied a mutual rescission on that date, and alleged a rescission by himself for default in payment on a different date, the date of the mutual rescission is of little or no importance, and the plaintiff was entitled to judgment upon the pleadings for the purchase money paid. And where, also, the stipulated facts based upon the pleadings conclusively show that the rescission was by mutual consent, and that thereafter the vendor assumed possession and control of the property which was the subject matter of the contract, the right of plaintiffs to judgment for the return of the purchase money paid is fully established.

19 Cal. App.—11

ID.—ALTERNATIVE REMEDIES OF VENDOR FOR BREACH OF COVENANT OF
VENDEE TO PAY.—The remedies to which a vendor, in a contract for
the sale of land, may resort, in the event of the vendee's breach of
the covenant to pay, are that he "may (1) Stand upon the terms
of his contract, and sue for its breach; (2) Still resting upon the
contract, he may remain inactive, yet retain to his own use the
moneys paid by the vendee; (3) Going into equity, still upon his
contract, he may seek specific performance; (4) Or, finally, if his
generosity prompts him so to do, he may agree with his vendee for
a mutual abandonment and rescission, in which last case alone the
vendee in default would be entitled to a repayment of his money."

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Clinton G. Dodge, for Appellants.

Austin Lewis, and R. M. Royce, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in an action wherein the plaintiffs sought to recover the sum of $835.50, claimed and admitted to have been paid to the defendant by the plaintiffs as the purchasers of certain real property pursuant to the terms of an installment contract. The case was tried by the lower court and submitted for decision upon an agreed statement of facts, which, by stipulation of the parties, constitute the trial court's findings of fact. It was also stipulated in the court below by the parties to the action that judgment might be rendered, in accordance with the law, upon the agreed statement and findings of fact as if a trial upon the issues purporting to have been raised by the pleadings had been had in the usual and ordinary way. Whereupon judgment was rendered and entered that plaintiffs take nothing by their action, and that defendant have and recover his costs from the plaintiffs.

By the terms of the contract in controversy it was mutually agreed that the defendant would sell to the plaintiffs and that plaintiffs would purchase from the defendants certain real property situated in the county of Alameda for the sum of $2,400.   The contract recited that time was of the essence of the contract, and that upon the failure of the plaintiffs to

comply with its terms the defendant would be released from all obligation to convey, and be entitled to a forfeiture of all sums of money paid under the contract.

At the time of the execution of the contract $700 was paid on account of the purchase price. The balance of $1,700 was agreed to be paid in monthly installments of at least $20 per month on or before the fourteenth day of each and every month, commencing with October 14, 1907, and continuing until the full amount of the purchase price and interest was paid.

Plaintiffs' cause of action was based primarily upon the allegations that pursuant to the terms of the contract they had paid the defendant in the aggregate the sum of $835; that on the eleventh day of June, 1908, the contract was fully rescinded by mutual consent; that notwithstanding such rescission the defendant had failed and refused to return the several sums of money theretofore paid to him on account of the contract.

The gist of the defendant's answer consists of a denial that the contract was rescinded by mutual consent or otherwise, on the eleventh day of June, 1908, followed by an averment that on the twentieth day of May, 1908, the defendant elected to and did rescind the contract because of the plaintiffs' default in the payment of the installments then due, and that written notice of such rescission was forthwith served upon the plaintiffs.

The plaintiffs interposed a demurrer to the defendant's answer, upon the ground that the facts stated therein did not constitute a defense, and prayed that they be given judgment upon the pleadings. The demurrer was overruled; and the plaintiffs now insist, as they did in the lower court, that, as a matter of law, they were entitled to judgment, not only upon the facts pleaded, but also upon the agreed statement of facts upon which the case was submitted and decided.

We confess our inability to comprehend the theory of the defendant's pleaded defense to the action. It has been repeatedly held in this state that where the vendor, in a contract for the sale of land, elects to rescind and, with the consent of the vendee, does actually rescind because of the vendee's default in the prescribed payments, and the vendor does not seek to recoup any actual damage for the breach from the

amount of the purchase money previously paid, the vendee may recover from the vendor all of the money paid under the contract.

In short, it is the law that upon the vendee's breach followed by a mutual agreement of abandonment and rescission, the vendee is entitled to a repayment of his money. (*Drew* v. *Pedlar,* 87 Cal. 443, [22 Am. St. Rep. 257, 25 Pac. 749]; *Shively* v. *Semi-Tropic L. & W. Co.,* 99 Cal. 259, [33 Pac. 848]; *Merrill* v. *Merrill,* 103 Cal. 287, [35 Pac. 768, 37 Pac. 392]; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Heilig* v. *Parlin,* 134 Cal. 99, [66 Pac. 186].)

If the contract in the case at bar was in fact rescinded by the mutual agreement of the parties, as the pleadings in the case seem to indicate, the plaintiffs, under the authorities cited, were entitled to judgment upon the pleadings, and the exact date of the rescission was of little or no importance in determining the relative resulting rights of the parties.

However that may be, the facts set out in the agreed statement upon which the judgment is founded are but an amplification of the facts set out in the pleadings, and completely and conclusively show that the contract was fully rescinded by mutual consent of the parties, and that after written notice of such rescission by the defendant, and written acceptance thereof by the plaintiffs, the defendant assumed control and possession of the property which formed the subject matter of the contract.

The remedies which a vendor, in a contract for the sale of land, may resort to in the event of the vendee's breach of the covenant to pay, are specified and clearly defined in the case of *Glock* v. *Howard etc. Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], where it is said that the vendor in such a case "may (1) Stand upon the terms of his contract and sue for its breach under section 3307 of the Civil Code; (2) Still resting upon the contract, he may remain inactive, yet retain to his own use the moneys paid by the vendee; (3) Going into equity, still upon his contract, he may seek specific performance; or finally, if his generosity prompts him so to do, he may agree with his vendee for a mutual abandonment and rescission, in which last case, and in which last

case alone, the vendee in default would be entitled to a repayment of his money.''

Upon the admitted facts of this case the plaintiffs were entitled to judgment as prayed for. No other judgment being possible under the law and the facts, it is ordered that the judgment appealed from be reversed and the cause remanded, with directions to the trial court to enter judgment in favor of the plaintiffs in the sum sued for.

Hall, J., and Kerrigan, J., concurred.