[No. 11161.  Department Two.  October 10, 1913.]

ELIZABETH JONES *et al., Respondents,* v. RICHARD M. GROVE
*et al., Appellants.*[1]

VENDOR AND PURCHASER—CONTRACTS—RESCISSION BY VENDOR—RE-
COVERY OF PURCHASE MONEY. Where the vendor in a contract for the
sale of real estate containing no forfeiture clause served notice after
default that he elected and did declare the contract forfeited and
rescinded, and the vendee admitted the rescission and made no
further claim to the property, the contract is rescinded and at an
end, and the vendee may recover the money paid, with interest.

APPEAL—REVIEW—RIGHT TO ALLEGE ERROR. Upon appeal by de-
fendant from a judgment dismissing the action and also his cross-
complaint, the court will not, in the absence of an appeal by plain-
tiff, consider alleged error in denying relief to the plaintiff.

Appeal by defendants from a judgment of the superior
court for King county, Dykeman, J., entered March 22,
1913, dismissing without prejudice an action for equitable re-
lief and also the cross-complaint, after a trial on the merits
to the court.  Reversed.

*John W. Roberts* and *George L. Spirk,* for appellants.

*Fred L. Rice* and *O. A. Tucker,* for respondents.

MAIN, J.—The purpose of this action on the part of the
plaintiffs was to have declared void, pursuant to their prior
notice of rescission, a contract for the sale of real estate and
to quiet the title; and on the part of the defendants, to re-
cover, by way of cross-complaint, certain sums which had
been paid to the plaintiffs upon the contract and for taxes.

On November 7, 1910, the plaintiffs and the defendant
Richard M. Grove executed a written contract wherein the
plaintiffs agreed to sell and convey to Richard M. Grove,
and he agreed to buy, certain real estate therein particularly
described.  The contract, in substance, so far as material
here, further provided:  The agreed purchase price was

[1]Reported in 135 Pac. 488.

$12,000, of which $3,000 had been paid by Grove when the contract was executed, and he agreed to pay $3,000 on or before two years, and $6,000 on or before four years from the date of the contract, with interest thereon at six per cent per annum, payable semi-annually. It was specified that "time is one of the essentials of this contract." The contract contained no forfeiture clause. Neither was there any provision with regard to the payment of taxes. Thereafter, on March 14, 1911, Grove paid the taxes, amounting to $122.31; on May 8, 1911, interest on deferred payments, $270; and on November 6, 1911, interest on deferred payments, $270. On the latter date, the total amount which had been paid by Grove upon the contract, including taxes, was $3,662.31. On June 26, 1912, the semi-annual interest which became due on May 7, 1912, amounting to $270, not having been paid by Grove, the plaintiffs served upon him a notice which, in substance, stated that, he having made default in the terms of the contract by failing and refusing to pay the sum of $270 interest, and having failed to pay the taxes for the year 1911, permitting the same to become delinquent, they "elected to declare said contract forfeited, and to rescind the same, and I do hereby so declare said contract forfeited and rescinded."

The contract of sale being of record, the plaintiffs, on October 10, 1912, began this action, seeking to have the contract adjudged forfeited and void by reason of the failure of Grove to perform the terms thereof and the title to the real estate described therein quieted in them. The defendants answered the complaint, admitting that the plaintiffs had rescinded the contract, and denying that since such rescission they had claimed or asserted any interest in the real estate except to claim a lien for the moneys paid to the plaintiffs and for taxes, as set forth in their cross-complaint; and in their cross-complaint they alleged that the plaintiffs had never tendered to the defendants the sums so paid, and alleged that the amounts so paid, together with interest, amounted to the sum of $4,072.30, which they sought to recover from the

plaintiffs.   The cross-complaint of the defendants was not responded to by appropriate pleading.

Thereafter the cause came on for trial, before the court without a jury.   As a part of the evidence, a stipulation was received which, in substance, provided that Grove had made the payments to the plaintiffs and for taxes as pleaded and set forth in the answer and cross-complaint, and that they had not repaid the same or any part thereof to the defendants, nor had they tendered to the defendants said amounts, or any part thereof prior to the rescission of the contract or . prior to the bringing of the action; that there had been no income from the property, and the defendants had received no rents, issues, profits or income from the property during the time the contract was in existence; and that the property is vacant and unimproved, and had never been occupied by the defendants.   Thereafter, and on March 22, 1913, a decree was entered wherein the court found, "that the plaintiffs are not entitled to the relief prayed for in their complaint or to any relief, and that the defendants are not entitled to the relief prayed for in their cross-complaint or to any relief."   It was decreed that plaintiffs' complaint and cause of action be dismissed without prejudice, and that defendants' answer and cross-complaint be dismissed without prejudice.   From this decree the defendants have appealed.

That the contract of sale and purchase has been rescinded, there can be no doubt.   The notice stated, "and I do hereby so declare said contract forfeited and rescinded."   The complaint pleaded a rescission.   The answer and cross-complaint admits the rescission.   The stipulation signed by the parties, which was introduced in evidence, refers to the contract as rescinded.   The contract, being rescinded, was at an end.   The parties stand in the same relation as though it had never existed.   In *Ankeny v. Clark*, 1 Wash. 549, 20 Pac. 583, it is said:

"When a contract is rescinded, it is abrogated and annulled.   It is as if it had never existed, and the party seeking to

recover back money paid under it proceeds, not upon the contract, for there is none, but upon the implied obligation that exists on the part of the one who received money under it to pay it back to the one from whom he received it."

Where a contract for the sale and purchase of real estate has been rescinded, the law restores each of the parties to his original status. The vendor is entitled to the possession of the property if it has not already been restored to him, the rent if any, and damages for the breach. The purchaser has a right to the refund of the money paid under the contract, together with interest. _Maffet v. Oregon & C. R. Co._, 46 Ore. 443, 80 Pac. 489; _Bernardo v. Soderman_, 19 Cal. App. 161, 124 Pac. 866; _Pedley v. Freeman_, 132 Iowa 356, 109 N. W. 890, 119 Am. St. 557; _Lytle v. Scottish American Mortgage Co._, 122 Ga. 458, 50 S. E. 402.

In the _Bernardo_ case, _supra_, it was said:

"It has been repeatedly held in this state that where the vendor, in a contract for the sale of land, elects to rescind and, with the consent of the vendee, does actually rescind because of the vendee's default in the prescribed payments, and the vendor does not seek to recoup any actual damage for the breach from the amount of the purchase money previously paid, the vendee may recover from the vendor all of the money paid under the contract. In short, it is the law that upon the vendee's breach followed by a mutual agreement of abandonment and rescission, the vendee is entitled to a repayment of his money."

In the present case, there is no question of rent or damages. The respondents, if they ever surrendered possession, have apparently resumed it. The contract being at an end by virtue of the rescission, the appellants had the right to recover the money paid thereon, together with interest at the legal rate.

Inasmuch as the respondents have not appealed, the question as to whether or not judgment should have been entered quieting the title is not now before us.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment in accordance with the views herein expressed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.