[No. 14927. Department One. January 6, 1919.]

WILLIAM JACKSON, *Respondent,* v. S. C. WHITE *et al.,* *Appellants.*[1]

VENDOR AND PURCHASER (53, 162)—RESCISSION BY VENDOR—REMEDIES OF PURCHASER—RECOVERY OF PURCHASE MONEY. Where a contract for the sale of land upon which $500 was paid contained no clause with reference to forfeiture or liquidated damages, and the vendor, pending negotiations as to the title, sold part of the land to another, the contract is thereby rescinded and the purchaser is entitled to recover the purchase money paid, with interest.

SAME (147, 157)—REMEDIES OF VENDOR—DAMAGES. Where the vendor rescinds the contract and sells part of the land to another, his damage for loss of the bargain must be alleged and proved as any other fact.

SAME (171)—REMEDIES OF PURCHASER—RECOVERY OF PRICE—DEFENSES. The vendor, on rescinding, cannot claim forfeiture and liquidated damages not provided for in the contract, and the same constitutes no defense or counterclaim to an action by the buyer to recover purchase money paid.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered May 6, 1918, upon

[1]Reported in 177 Pac. 667.

findings in favor of the plaintiff, in an action to recover money paid on a contract for the. sale of land, tried to the court. Affirmed.

*W. W. Langhorne,* for appellants.

*A. E. Rice,* for respondent.

MITCHELL, J.—On October 6, 1917, S. C. White, for himself and wife, entered into a written contract with William Jackson for the sale of real estate in Lewis county. The contract was signed by both parties. It did not contain any clause with reference to forfeiture or liquidated damages. In effect, it provided that White sold, and agreed to transfer by warranty deed to Jackson, seventy-eight acres of land, which is described, for $10,500. Five hundred dollars was paid in cash. Jackson was to give a mortgage on the property for $3,500, and the balance, $6,500, was to be paid upon delivery of the deed at the bank in Chehalis on October 9, 1917. Title to the land was to be merchantable or $500 returned. Possession was to be given November 1, 1917. Abstract was furnished on date of the contract.

Under legal advice, Jackson found fault with the title as disclosed by the abstract, and so reported in detail to White on October 9, 1917. White confessed the defect and promised to correct it. A few days later he called Jackson's attention to another deed he had gotten, which was not satisfactory to either party. Still further effort was made by White to correct the title. On October 22, 1917, Jackson declined to wait longer for completing the title, and demanded of White the return of the $500 cash payment, which demand was refused. On the same day and at the same time, White offered to Jackson deeds of conveyance, one of which he had just received, claiming they were suffi-

cient, and demanded that Jackson perform his part of the contract. Jackson contended the deeds were not adequate to correct the defect complained of, and refused to perform. On October 24, 1917, White wrote, and Jackson received, a notice as follows:

"Chehalis, Washington, Oct. 24, 1917.
"William Jackson,
    "Chehalis, Wash.
"Dear Sir: Complying with your agreement with me for the purchase of the Goetz Farm, I have deposited full warranty deed from myself and wife to you and wife, made by us Oct. 9, 1917, together with the $3,500 which I was to loan you, accompanied by a note and mortgage to be executed by you and wife for this money; completed abstract is also deposited there, showing complete merchantable title, and ask that you complete your part of the agreement to purchase the Goetz Farm by assignment of certificates of deposit under the terms of the agreement.

"Am willing to meet yourself and attorney at any time not later than Monday, Oct. 29, 1917, at 3 p. m., at the Security State Bank at Chehalis, Wash., to complete the matter with you, after which I shall conclude that you rescind the contract and forfeit the $500 paid as a deposit and applied as liquidated damages for noncompliance.          Respectfully yours,
                                "S. C. White."

The deed of conveyance referred to in the notice was the same one refused by Jackson on October 22, 1917. Jackson did not comply with the terms of the notice. On November 1, 1917, White and wife disposed of thirty-eight acres of the land to a third party. Thereafter Jackson instituted this action to recover the $500 cash payment. White and wife resisted the suit by an answer of denials and an alleged affirmative defense, setting up an offer antedating suit to perform on their part, and failure on the part of Jackson to perform, together with a claim of forfeiture of the $500 on ac-

count of the failure to comply with the terms of the written notice of October 24, 1917. In their answer they do not offer to comply with the terms of the contract of October 6, 1917, and demand performance on the part of Jackson, but content themselves with claiming and demanding judgment for the $500 as liquidated damages and forfeiture. Indeed, at the trial of the case, White and wife, by their attorney, admitted: "Defendant admits that he isn't now, and hasn't been since the first day of November, 1917, in a position to convey to the plaintiffs in this action more than 40 acres of the original 78."

The cause was tried without a jury. The court entered findings, conclusions and judgment in favor of plaintiff. Defendants appeal. The question, so much discussed by counsel on both sides, as to whether the title tendered by appellants was a marketable one or not has become immaterial because of the conduct of the parties and the pleadings in the case. Demands and counter-demands had been made by each, when, on November 1, 1917 (respondent never having been put in possession of the property), appellants sold about one-half of the land to a third party, thus rendering themselves unable to comply with the contract of October 6, 1917.

The contract being at an end, at least by virtue of appellants having sold about one-half of the land, the respondent then had the right to recover the money paid thereon, together with interest at the legal rate. *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488. Again, it is said in the case of *Jones v. Grove,* as follows:

"Where a contract for the sale and purchase of real estate has been rescinded, the law restores each of the parties to his original status. The vendor is entitled to the possession of the property if it has not already been restored to him, the rent if any, and dam-

ages for the breach. The purchaser has a right to the refund of the money paid under the contract, together with interest. *Maffet v. Oregon & C. R. Co.,* 46 Ore. 443, 80 Pac. 489; *Bernardo v. Soderman,* 19 Cal. App. 161, 124 Pac. 866; *Pedley v. Freeman,* 132 Iowa 356, 109 N. W. 890, 119 Am. St. 557; *Lytle v. Scottish American Mortgage Co.,* 122 Ga. 458, 50 S. E. 402.''

Even if it be admitted that appellants were in no way at fault at the expiration of the time fixed in the notice of October 24, 1917, requiring respondent to perform, and that appellants had the right to sell, and did sell, the land or a substantial part thereof, then,

''The rule in such cases is, that the vendor has a right to the fruits of his bargain and is entitled to compensation for any loss he may suffer by reason of its non-consummation. What his damages are in such circumstances must be alleged and proven like any other fact in the case.'' *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910.

The rights of the parties were in no way affected by the written notice of October 24, 1917, with reference to forfeiture of the $500 as liquidated damages. The attempted assertion of rights thereunder constituted no defense or counterclaim to the cause of action. Appellants not having alleged or proved any damages, the action was rightly determined.

Judgment affirmed.

MAIN, C. J., MACKINTOSH, TOLMAN, and CHADWICK, JJ., concur.