[No. .17963. Department One. September 13, 1923.]

MINNIE WHITMORE RIEGER, *Appellant,* v. H. I. S. MOTOR CORPORATION, *Respondent.*[1]

CORPORATIONS (39)—CORPORATE SALE OBTAINED BY FRAUD—RESCISSION. Upon the rescission, for fraud, of a sale of corporate stock upon which the corporation allowed the agent a commission of sixty per cent, it is error to restrict the plaintiff's recovery to the forty per cent of the purchase price received by the company, since plaintiff, on the fundamental theory of restoration, was entitled to recover the whole sum paid.

Appeal by plaintiff from a judgment of the superior court for Garfield county, Mills, J., entered January 29, 1923, for part of plaintiff's claim, in an action for rescission, tried to the court. Reversed.

*C. E. H. Maloy,* for appellant.

MITCHELL, J.—The plaintiff instituted this action against the H. I. S. Motor Company, a corporation, to rescind a contract of purchase of two thousand shares

[1]Reported in 218 Pac. 216.

of the capital stock of the corporation, known as treasury stock, and to recover the sum of $10,000 paid therefor, together with interest. The action was based on fraud. The sale of the stock was made through an agent of the corporation acting under an agreement that the corporation would pay all the cost of printing an advertising prospectus to be distributed by the agent among prospective purchasers of stock, and to pay the agent sixty per cent of the amounts received from purchasers from the sales of stock as commission for his services. The decision of the trial court was that plaintiff had been defrauded and was entitled to relief, but that as the corporation in its contract with its agent had agreed to pay sixty per cent commission, judgment was allowed only to the extent of the remaining forty per cent, amounting to $4,000 and interest. The plaintiff has appealed, contending for a judgment for the full amount of $10,000 and interest.

Appellant's contention must prevail. A clear and concise statement of the rule in cases of this kind is found in 2 Pomeroy, Equity Jurisprudence (4th ed.), § 910, as follows:

"The fundamental theory upon which equity acts is that of restoration,—of restoring the defrauded party primarily, and the fraudulent party as a necessary incident, to the position which they occupied before the fraud was committed. Assuming that the transaction ought not to have taken place, the court proceeds as though it had not taken place, and returns the parties to that situation."

Or, as was said in the case of *Neblett v. MacFarland*, 92 U. S. 101, 23 L. Ed. 471:

"The court proceeds on the principle, that, as the transaction ought never to have taken place, the parties are to be placed as far as possible in the situation

in which they would have stood if there had never been any such transaction. *Bellamy v. Sabine,* 2 Phil. 425; *Samy v. King,* 5 H. L. 627; *W. B. of Scotland v. Addie,* L. R. 1 Scotch App. Cas. 162; *Gatley v. Newell,* 9 Ind. 572; *Johnson v. Jones,* 13 Sm. & M. 580; Kerr on Fraud, 335, 343. This is, no doubt, the general rule.''

This rule was observed and followed in our cases of *Jackson v. White,* 104 Wash. 643, 177 Pac. 667, and *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488. We have not been favored with any appearance in this court on behalf of the respondent, but it is suggested in appellant's argument that possibly the trial court was influenced in its conclusion by the case of *Bowe v. Provident Loan Corporation,* 120 Wash. 574, 208 Pac. 22. That case, however, is not in point and is easily distinguishable from this. In that case the vendor fixed a price it was to receive for its stock, and the agent who handled it was to have, not a commission, but a profit of all he could get over that amount. The vendor was by no means entitled to receive an amount in excess of the price it fixed, which was the amount the vendor was required by the decision to repay to the defrauded purchaser. In the present case, the respondent fixed the price of the stock as that at which it was sold. The appellant subscribed in writing, on a subscription blank of the corporation, for two thousand shares at $5 per share, executed and delivered her interest bearing notes in the sum of $10,-000, payable to the corporation, and thereafter paid the notes. The equitable principle involved here must not be successfully challenged by any consideration of expense the vendor incurred in perpetrating the fraud. Surely, as against appellant's rights, the respondent would not be permitted to charge any of the cost of printing the advertising prospectus that was used by its agent in inducing the sale, nor a pro-

portionate share of any of the other expense of its
business. Those are the burdens of the respondent
that in no way concern the appellant, else we drift into
a position wholly inconsistent with the theory of re-
storation—of putting the purchaser in the situation
in which she would have stood had there never been
any such transaction.

Suppose the situation was reversed and the plain-
tiff sought rescission by offering to restore what she
had received, less expenses that she had incurred in the
transaction. Her suit would be dismissed. In the
case of *Wood v. Nichols*, 6 Wash. 96, 32 Pac. 1055, 35
Pac. 140, we held, in an action to obtain a reconveyance
of land on the ground of fraudulent misrepresenta-
tion, that a tender of the purchase price, less a com-
mission of $100 paid an agent negotiating the sale, he
being the agent of the party seeking rescission, is not
sufficient to uphold the action. That is the principle
involved in the present case and which has not found
expression in the judgment entered.

Reversed, and remanded with directions to the su-
perior court to enter judgment for the appellant and
against the respondent in the sum of $10,000 and in-
terest.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH,
JJ., concur.