[No. 30768. Department Two. February 10, 1949.]

EDWIN H. RIDER, *Appellant*, v. H. W. COTTLE *et al.*, *Respondents.*[1]

[1]Reported in 202 P. (2d) 741.

*William A. Gilmore* and *W. H. Cook,* for appellant.

*Dickison, Bar & Gibbon,* for respondents.

GRADY, J.—This action was brought by Edwin H. Rider against H. W. Cottle and H. J. Lane to recover a sum of money paid to them upon the purchase price of a business and its equipment, it being claimed by the plaintiff that he was induced to make the contract of purchase by reason of false representations made to him by the defendants with reference to the value of the business and property and the net income from such business. The trial of the action resulted in a judgment of dismissal, from which the plaintiff has taken this appeal.

The court found and concluded that the evidence was not sufficient to sustain the claim of fraud. The appellant does not challenge such finding and conclusion of the court, nor the action of the court with reference to the exclusion of evidence. The appeal is limited to the question whether the appellant became entitled to the return of purchase money paid by him under the circumstances as disclosed by the record.

The factual situation as found by the court and upon which our decision must be based is that on September 19, 1947, the appellant and respondents made a contract of conditional sale covering an ice creamery business and the

equipment connected therewith. The appellant paid three thousand dollars when the contract was made, and agreed to pay the balance of the purchase price at the rate of one hundred dollars or more per month. The contract did not contain any provision for its forfeiture or a retention of purchase money paid in the event of nonperformance on the part of the vendee. The first installment payment was to be due and payable on October 19th.

The appellant took possession of the property purchased on September 20th. On October 10th, the appellant, through his attorneys, notified the respondents by a letter received in due course by them that he had elected to rescind the contract, and made demand upon them that they repay to him the sum of three thousand dollars he had theretofore paid on the contract price. The court specifically found that, on October 12th, the appellant came to the store building and there contacted respondent H. W. Cottle and asked him if he would open the store the next day. The appellant stated he was going to Vancouver. The appellant left the keys to the store on a refrigerator at a time while respondent was absent from the store room. The appellant did not return to the store and did not operate it any more.

On October 14th, the appellant brought this action. He did not make the payment which became due October 19th. The respondents did not open the store and did nothing relative to the property until the ninth of November, when they rented it to another party on a month-to-month basis. The business was not operated for a period of several weeks. On June 16th, the respondents sold the business and equipment.

The theory advanced by the appellant in this court is that, when he gave notice to respondents that he had elected to rescind the contract and demanded the return of the purchase money paid, and they took possession of the property he had agreed to purchase and thereafter leased and resold it to third parties, the contract containing no forfeiture clause, the appellant became entitled to have the purchase money returned to him.

In support of his contention, the appellant cites a number of our cases, which appear to fall into four groups or classes: (1) *Reidt v. Smith,* 75 Wash. 365, 134 Pac. 1057; *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488; *Jackson v. White,* 104 Wash. 643, 177 Pac. 667; *Tungsten Products v. Kimmel,* 5 Wn. (2d) 572, 105 P. (2d) 822, are cases dealing with contracts having no forfeiture clauses. (2) *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464, and *Croup v. Humboldt Quartz & Placer Mining Co.,* 87 Wash. 248, 151 Pac. 493, are cases dealing with contracts having forfeiture clauses. In each of these cases, the vendor was the aggressor in seeking a rescission or a forfeiture of a contract, and the vendee had accepted and acquiesced in the rescission or termination of such contract. The court in each case decided that the vendor could not have the benefit of a termination of the contract without returning to the vendee the purchase money paid. (3) *Connelly v. Malloy,* 106 Wash. 464, 180 Pac. 469, and *McMillen v. Bancroft,* 162 Wash. 175, 298 Pac. 460, are cases dealing with contracts having no forfeiture clauses. (4) *Frahm v. Moore,* 168 Wash. 212, 11 P. (2d) 593, is a case where there was an absolute sale, and, to secure the payment of the balance of the purchase price, the vendee gave to the vendor a chattel mortgage. In each of these cases, the vendee was the aggressor in seeking rescission.

In all of the foregoing cases, where the vendee was allowed to recover back the purchase money paid by him, it was found by the court, and the decision was based upon the idea, that the parties by mutual consent and acquiescence had agreed to or accepted a rescission or abandonment of the contract resulting in its termination. The courts decided under such circumstances the respective vendees were entitled to have the purchase money they had paid returned to them.

When the appellant notified the respondents that he had elected to rescind the contract and have the purchase money returned to him, and followed this by bringing the keys to the store and abandoning the business and equip-

ment, the respondents had a choice of remedies if they were not at fault. The respondents might hold the property for the benefit of appellant and sue him for the installments of the purchase price as they became due, or they might accept the proffered rescission, take possession of the property, and return to the appellant the purchase money paid, or they might refuse the proffered rescission and, as soon as the appellant was in default in making payments of the purchase price, repossess the property if they could do so peaceably.

We are of the opinion that when the respondents remained passive after the proffered rescission and did nothing affecting the property, other than to protect or preserve it, until the appellant was in default, they can be said to have chosen the last remedy above mentioned rather than to have impliedly accepted the offered rescission and made it a mutual one.

There are many cases to be found in which the courts have had to determine whether the acts and conduct of the vendors have been such as to imply an assent to an offer or declaration on the part of a vendee of a desire and intention to rescind a contract, but in them such acts and conduct were so different in character and the circumstances under which they were done vary so much that no particular case is of much assistance in arriving at a conclusion in another case.

The courts agree that parties to a contract may rescind it by mutual agreement, which may be by express words or may be implied from their conduct; but, when it comes to determine what acts and conduct constitute such an implied agreement, the difficulty commences. Each case must depend upon its own facts and circumstances. The court must consider the situation of the parties, their motives and intention, the nature and character of their acts, the circumstances and conditions confronting them at the time, and all other factors which may be of aid in determining whether there was an offer to rescind and an acceptance of such offer. When a conclusion is finally

reached, the mutual rights, obligations, and duties of the parties are usually quite plain and apparent.

 The rule of law applicable to a situation where a vendee under a contract of conditional sale without legal cause abandons the property contracted to be sold and fails to make the payments of the purchase price as they become due, is that the vendor may take all reasonable steps to protect the property interest which he retains by virtue of his reservation of title pending payment of the purchase price, and may take possession of such property without recourse to the courts if he can do so peaceably, and no forfeiture clause or contractual stipulation to that effect is necessary as a part of the contract. 3 Jones on Chattel Mortgages and Conditional Sales (Bowers ed.), §§ 1294, 1337; *Gaffney v. O'Leary,* 155 Wash. 171, 283 Pac. 1091; *Blackford v. Neaves,* 23 Ariz. 501, 205 Pac. 587; *Wiggins v. Snow,* 89 Mich. 476, 50 N. W. 991; *Hoe v. Rex Mfg. Co.,* 205 Mass. 214, 91 N. E. 154; *Richardson Drug Co. v. Teasdall,* 52 Neb. 698, 72 N. W. 1028.

The basis of the foregoing rule is that, the vendor having reserved title to the property in himself until the vendee performs his covenant to pay the full purchase price, the vendee has the right of possession only so long as he is not in default in the performance of his agreement; that the ownership of the legal title draws to it the possession of the property, except during such time as the vendor has conferred that right upon the vendee, and, when such right ceases in the vendee, it reverts to the vendor as a matter of law, and no contractual stipulation is essential in that behalf; and, when the vendee abandons the property and defaults in payment, the vendor may repossess the property, though the contract may be silent as to such right.

If the rule were otherwise, a vendee could wrongfully abandon the property and refrain from paying the purchase price, while the vendor stood by helplessly and saw the property wasted or destroyed; and, while it is sometimes said that the abandonment may not technically constitute a default, it is such a breach of the implied obligations

of the vendee as to justify the vendor in taking possession of the property as though there has been a default; but, when the abandonment is followed by a default in payment of the purchase price, there can be no question about the right of the vendor to repossess the property, and, when such property is peaceably repossessed, it must follow that the vendor may resell it or make such other disposition of it as he may see fit.

The judgment is affirmed.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.

