47  241
122  549
47  241
149  534

DANIEL G. STALEY

*v.*

WILLIAM J. MURPHY.

SAME *v.* SAME.

1. RESCISSION OF CONTRACT—*placing a party in statu quo.* The general rule is, that a party will not be permitted to treat a contract as rescinded, unless he can place the other party in *statu quo.* Gross *laches* in a vendee may excuse a vendor in not promptly refunding money paid, when he elects to treat the contract as rescinded, and he will hold the money subject to the equities between the parties.

2. But the rule is different with respect to negotiable notes; these must, in all cases, be surrendered up or cancelled, as a vendor will not be permitted to rescind a contract and hold the notes given for the purchase money, with the power of passing them to innocent holders, and thus defeat the equities between the parties.

3. EJECTMENT—*defense by vendee in possession.* Where the contract which let a vendee into possession expressly provided for a re-entry by the vendor in case of default in payment, but contained no provision as to the money paid on the contract, or the notes given for deferred payments: *Held,* after default by the vendee, the vendor could not re-enter without offering to place the vendee in *statu quo,* so far as required by the rules of law. Also, held, that the contract, not being legally rescinded, the vendee could protect his possession in an action of ejectment.

4. INJUNCTION—*where there is a defense at law.* A court of equity will not enjoin the prosecution of an action at law, upon grounds available as a defense in such action.

5. SPECIFIC PERFORMANCE. Where a purchaser of lands holds a contract for a deed, to be executed to him upon the maturity of the last of a series of notes executed by him to his vendor for the deferred payments, and such purchaser sells to a third person, receiving a portion of the purchase price cash in hand, and the notes of his vendee for the deferred payments, drawn for the same amounts, and maturing at the same time as the notes given by him to his vendor, such second purchaser cannot, by obtaining the notes so executed to the first vendor, compel his vendor to receive them in payment of his own notes, and execute to him a deed, before the maturity of the last of the series of notes so executed by him for the deferred payments, under his contract of purchase.

31—47TH ILL.

WRITS OF ERROR to the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts in these cases, and the errors assigned, sufficiently appear in the opinion of the court.

Messrs. WILLIAMS & BURR, for the plaintiff in error.

1.  Where a grantee, who holds an estate upon condition, conveys to another upon the same conditions by which he holds, it operates in law as an assignment, merely, of the first conveyance. Bacon's Abridgment, Lease, j, 3; *Lloyd* v. *Cozens*, 2 Ashm. 138; Platt on Leases, vol. 1, p. 9 *et seq.*; *Smitley* v. *Van Winkle*, 6 Cal. 605.

2.  To enable a party to enforce a forfeiture, he must show a clear and undoubted right to do so. *Chapman* v. *Wright*, 20 Ill. 120.

3.  The vendor must refund the money and notes if he elects to rescind the contract. *Galbreath* v. *Crewell*, 13 Ind. 336.

4.  He who elects to rescind must rescind *in toto*. *Jennings* v. *Gage*, 13 Ill. 610; *Buchanan* v. *Harney*, 12 Ill. 336; *Manhattan Company* v. *Beatty*, 13 Barb. S. C. R. 641.

Mr. W. H. HANNA for the defendant in error.

1.  The principal question in this case is, can the vendor of lands, after the vendee has failed to comply with the contract which lets him into possession, bring his action of ejectment? That he can, has been repeatedly decided by this court. 5 Gilm. 309; *Chrisman* v. *Miller*, 21 Ill. 234; *Steele Biggs*, 22 Ill. 643; *Wyncoop* v. *Cowing et al.*, 21 Ill. 570; *Miner* v. *Willard*, 34 Ill. 39.

2.  The notes were of no value after a forfeiture was declared. *Chrisman* v. *Miller*, 21 Ill. 234.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Murphy, the defendant in error, on the first of December, 1863, bought a tract of land from one Moore, paying $134.40 in hand, and giving seven promissory notes for the balance, the last note maturing in 1870. On the 26th of March, 1864, Murphy sold the land to Staley, the plaintiff in error, receiving a larger price, and a larger payment in hand than he had given Moore, but taking notes for the unpaid purchase money for the same amounts maturing at the same date, and drawing the same rate of interest. By the first contract, Moore reserved the right of forfeiture in case of non-payment for thirty days after maturity, and by the second, Murphy reserved a similar right at the end of ten days. Staley entered into possession, made improvements, paid taxes, and also paid the note maturing in December, 1864. He failed, however, to make the payment of December, 1865, on the day it fell due, but tendered it in January, 1866, and Murphy refused to receive it, claiming the contract was forfeited. Thereupon Murphy brought an ejectment against Staley to recover possession of the premises, and Staley filed a bill to enjoin its prosecution, tendering at the same time the money due and the unpaid notes given by Murphy to Moore, of which Staley had procured the control, and praying a decree for a deed. The court gave judgment for the plaintiff in the ejectment, and dismissed the bill in chancery. Both records are brought here by Staley, and the same arguments having been filed in both, they will be disposed of in one opinion.

The contract between these parties authorized the vendor to rescind for non-payment, but contains no clause authorizing him to retain the purchase money already paid. It is urged by counsel for plaintiff in error, that Murphy had no right to rescind and bring an action of ejectment, until he had tendered back the purchase money paid and the unpaid notes. The ordinary rule is, that a party rescinding a contract must place the

other party *in statu quo.* Applying this rule, this court held, in *Murphy* v. *Lockwood,* 21 Ill. 615, that the vendor of land seeking to rescind for non-payment by the vendee, should first return, or offer to return, the unpaid notes and purchase money. There are undoubtedly cases where the purchaser has been guilty of gross *laches,* in which the vendor would be justified in re-selling to a third person, without first tendering to the first purchaser the money paid, either holding it subject to his order, or until the equities between them, growing out of the contract and its violation by the purchaser, can be adjusted. *Thompson* v. *Bruen,* 46 Ill. 125. But while the money paid need not be, in every case, returned, as preliminary to a rescission of a contract for non-performance by the vendee, the unpaid negotiable notes must always be either returned or cancelled, so that they cannot be negotiated and their payment enforced. As was said by the court, in *Chrisman* v. *Miller,* 21 Ill. 236, the vendor who rescinds, must place himself in a position where he cannot enforce the contract as against the vendee. He cannot be permitted to retain the notes with the power of negotiating them to innocent purchasers, and, at the same time, insist that the contract is terminated, and the rights of the vendee extinguished.

In this case, Murphy, when he brought his ejectment, retained uncancelled, so far as appears, the several promissory notes of Staley, falling due, one every year to the year 1870. As Staley was on the land, there could have been no difficulty in offering to return them, and no reason is shown why they were not either returned or cancelled. We see nothing to distinguish this case, upon this point, from *Murphy* v. *Lockwood, ubi supra.* Although in the action of ejectment Murphy showed a legal title derived from Moore, from whom he had procured a deed by executing in return a deed of trust to secure his own notes, yet, having let Staley into possession under his contract, and having failed legally to rescind it,

Staley could use the contract to protect his possession.   *Stow* v. *Russell*, 36 Ill. 23.

The fact that Staley had a good defense to the action of ejectment, rendered it unnecessary to file his bill to enjoin its prosecution; and so far as the bill seeks a decree for a deed from Murphy, by surrendering to him his notes executed to Moore, it cannot be sustained. It is urged that the notes of Staley to Murphy correspond precisely with those of Murphy to Moore; and if the latter are surrendered to Murphy, it would be only equitable in him to surrender Staley's notes and convey the land. It is true, there would be no apparent injustice in such a decree, but, nevertheless, we cannot make it, for the simple reason that such was not the contract of the parties, and we have no right to make a contract for them. By the contract, Murphy cannot be compelled to receive payment of his purchase money in full before 1870, nor can he be compelled to convey before that time.

It follows, from this view of these cases, that the judgment of the circuit court, in the action of ejectment, must be reversed and the cause remanded, while the decree in the chancery cause must be affirmed, the remedy at law being complete so far as relates to the application for an injunction.

*Judgment reversed.*

*Decree affirmed.*