[No. 1700.   Decided July 17, 1895.]

W. D. ROBERTSON, *Respondent*, v. P. A. WOOLLEY *et al.*, *Appellants*.

ASSUMPSIT — PLEADING — VENDOR AND PURCHASER — RECOVERY OF PAYMENTS MADE—APPEAL—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

In a complaint in an action to recover for work performed at the special instance and request of defendant; no allegation of demand is necessary, when there is no allegation showing that the action was based upon a mutual current account.

Where money has been advanced as part payment for land under an agreement that a bond for a deed should be executed therefor, which the vendor refuses to do, the failure of the purchaser to demand repayment within a reasonable time will not constitute a forfeiture of the money advanced, as there is no contract to be rescinded.

The verdict of the jury will not be disturbed when there is evidence supporting it, although it might not be sufficient to convince the appellate court.

A charge to the jury, that there was no evidence that would entitle defendants to recover any amount under the pleadings, is proper when the issue made by defendants was that plaintiff was to pay for certain land in work and labor, and there was no proof introduced to show that the plaintiff refused to continue to perform work and labor in payment therefor.

*Appeal from Superior Court, Skagit County.*

*Metcalfe & Jurey,* for appellants.

*Sinclair & Smith,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent Robertson brought his action below against the appellants on two counts. The first was for the sum of $315.25, with interest from the 6th day of March, 1892, at the rate of ten per cent. per annum, for work performed for and at the special instance and request of the appellants. The second cause of action alleges that the respondent's wife, Sarah J. Robertson, entered into a contract with the appellants to buy certain lots in the town of Woolley, Skagit county, Washington. The contract was that the said Sarah J. Robertson was to pay to the appellants $500 for said lots, $100 to be paid down and the other $400 to be paid at the end of a year; that a deed was to be made for said lots, and that the appellants agreed, upon the payment of $100, to execute a bond for the making of said deed; that the appellants had refused to comply with their contract and refused to execute the bond, and that the demand had been made for the return of the $100, and an assignment of said claim had been made to the respondent.

The defendant P. L. Woolley separately answered, denying that he was a member of the partnership sued. The other defendants answered, denying that the labor performed by the plaintiff was performed as alleged in the complaint; and for an affirmative answer in substance claimed that under the agreement which they made the appellants were to furnish, sell and deliver to respondent, on account of a reasonable value, certain goods, wares and merchandise, provisions and supplies, as should be requested by the respondent, necessary for the support of himself and

family while in the employ of the appellants, and also
to furnish him certain lumber and materials, such as
should be requested, for the improvement of said real
property; and under and by which said agreement the
respondent agreed to perform work and labor at the
usual and reasonable sum per day in payment of the
balance of the purchase price of the said real property,
and also in payment of such goods, wares and mer-
chandise to be furnished under and by said agreement.
That on or about the 10th day of July, 1890, in pur-
suance of said agreement and at the special instance
and request of the respondent, they caused to be exe-
cuted and delivered to the said Sarah J. Robertson,
wife of the respondent, a good and sufficient bond for
a deed to said real property; that the bond for a deed
was executed and delivered to said Sarah J. Robertson,
and taken by her in her name for the convenience of
the respondent and in trust for him, and for no other
purpose.    They alleged the furnishing of the goods and
lumber to the amount of $761.89; admitted the reason-
able value of the work to be $914.75 and alleged the
non-payment of the sum of $500, excepting the cash
payment, and demanded a balance in the sum of $226
on the general account, with interest from the 5th day
of March, 1892, at the legal rate.    Alleged that they
caused a good and sufficient deed of conveyance to be
duly executed on the 2d day of April, 1892, which they
filed with their answer to the original complaint (the
cause being tried under an amended complaint).

Upon the issues made by the pleadings the case went
to trial and a verdict was rendered in favor of the re-
spondent for $512.80.

The first contention of the appellants is that the
statement of the first cause of action does not state
facts sufficient to constitute a cause of action, for the

reason that the allegations thereof show the first cause of action is to recover an alleged balance due upon their mutual current account, and it is not alleged that any demand for the payment of the balance was ever made. We do not think the complaint is properly subject to this criticism, as it does not show a mutual current account for which any demand was necessary. It alleges in terms an amount of money due.

The other contention, that the purchase money was waived by the failure to claim the rescission within a reasonable time, we do not think can be sustained. According to the testimony of the respondent, which the jury from their verdict evidently believed, the payment of $100 was made and the appellants came into possession of that amount of money of the respondent upon a contract to do certain things, which they refused to do. They refused to proceed any further or make the contract according to the agreement, and there was nothing to rescind, and upon such refusal respondent was entitled to the money advanced.

Many questions which are raised by the appellants in this case are settled by the verdict of the jury. According to the testimony of the respondent, the appellants insisted upon changing the agreement. He testifies that under the agreement he was to have a year within which to pay the $400, and that when the appellants proffered the bond the condition incorporated was that it was to be paid within six months, and that the respondent thereupon refused to enter into such contract, and the appellants refused to comply with the agreement. This testimony is contradicted by the appellants, and flatly contradicted. But it was the province of the jury to determine the truth of the matter in issue by the testimony of the witnesses, and

they have determined that question in favor of the
contention of the respondent.

The other proposition, viz., that P. L. Woolley was
not a member of the corporation has also been deter-
mined by the same tribunal. We do not agree with
the appellants that there was no testimony tending to
show that he was a partner. The fact that he was a
bookkeeper for several years in the concern; that he
admits that he was a partner in the store business;
that the business of the store and the business of the
partnership were intimately connected; that they had
the same bookkeeper and secretary; that their business
was transacted in the same office, and that the same
books were used; the further fact that the bill-heads
which were used, and upon which the respondent's
account was made, had described P. L. Wooley as one
of the members of the corporation and the secretary
of the same; that these bill-heads were used for about
three years; the statements of members of the corpor-
ation, which were sworn to by the respondent, and
other circumstances testified to, were tangible testi-
mony tending to show that P. L. Woolley was a mem-
ber of this corporation; and while the testimony may
not be sufficient to convince this court that such was
the case, there was sufficient testimony before the jury
to sustain their verdict.

Several instructions are discussed in appellants'
brief, but the record shows that there was no excep-
tion to any instruction except the instruction that
there was no evidence that would entitle the defend-
ants to recover any amount under the pleadings. The
others were the general exceptions which this court
has so often held did not amount to an exception un-
der the law. This instruction, we think, under the
testimony was correct. The appellants insist that

whether or not they should recover was a question of fact which should have been submitted to the jury, but under the pleadings in this case there was no question of fact submitted to the jury, and no proof offered upon which a judgment for plaintiff could have been sustained. The answer alleged that the agreement was that the plaintiff was to pay for the lots in work and labor, and no proof at all was introduced to show that the plaintiff refused to continue to perform work and labor in payment of these lots.

We think the jury were not misled by the instructions of the court, and the judgment will therefore be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.

HOYT, C. J., dissents.