[No. 11231. Department Two. September 11, 1913.]

STEPHEN REIDT, *Respondent*, v. JOHN W. SMITH *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER—CONTRACTS—RESCISSION BY VENDOR—FOR-FEITURE—RECOVERY OF PAYMENTS MADE. In the absence of a contract expressly providing for the forfeiture of payments made on an executory contract for the sale of lands, a vendor cannot retain payments made and rescind for default in payments due; and where the vendor repudiated such an oral contract and conveyed the land to another before the contract matured, he is liable to the purchaser for the purchase money paid.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 24, 1912, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Geo. W. Belt*, for appellants.

*William S. Lewis* and *J. W. Marshall*, for respondent.

CHADWICK, J.—Sometime about October 1st, 1909, the defendant agreed to sell, and the plaintiff agreed to buy, lots 11 and 20, in the town of Hayford, Spokane county. The purchase price was to be $2,500. The contract was oral; plaintiff nevertheless from time to time paid various sums, so that on January 23d, 1911, these payments aggregated $273.20. In May, 1911, after defendant had twice notified plaintiff that he would forfeit the contract and retain all payments made thereon as liquidated damages, he mortgaged the property and thereafter sold it to a third party. The testimony is in sharp conflict. The trial judge believed the testimony of the plaintiff and rejected that of the defendants, and accordingly found that it was the agreement of the parties that plaintiff should have two or three years in which to pay for the land inasmuch as his money was out at interest and was not then due. Plaintiff insists that defend-

[1]Reported in 134 Pac. 1057.

ant agreed, at the time of the sale and repeatedly thereafter, to make out a written contract for a deed.

It is first contended that the complaint does not state facts sufficient to constitute a cause of action. While the complaint may not be as formal as it might have been, we think it is sufficient. Defendant assumes that, after a lapse of a reasonable time, he had the right to forfeit the contract and retain the purchase price. This is not the rule, and in so holding we find it unnecessary to discuss much that is in the briefs of counsel. In the absence of a contract expressly providing for the forfeiture of payments made upon an executory contract for the sale of lands, such payments cannot be retained by a vendor who elects to rescind or repudiate the transaction, unless it be under exceptional circumstances; for instance, where a court of equity can say that the amount paid is commensurate with the amount that would have been due for rent if the land had been leased.

Assuming that defendant is right in his contention that the purchase price was to have been paid within one year, he accepted payments made after the expiration of that time; and under any theory, he is bound, in the absence of an express contract to the contrary, to tender performance or repay the purchase price.

"Where a contract has been rescinded, the rule is universal that a party who has paid money thereon is entitled to a recovery of the same; and this rule has frequently been applied in cases of oral contracts for the sale of land." 2 Warvelle, Vendors (2d ed.), § 930.

See, also, 39 Cyc. 1378.

In *Staley v. Murphy*, 47 Ill. 241, speaking of a similar contract:

"The contract between these parties authorized the vendor to rescind for the non-payment but contains no clause authorizing him to retain the purchase money already paid. . . . The ordinary rule is, that a party rescinding a contract must place the other party *in statu quo*."

In the case of *Wood v. Nichols*, 6 Wash. 96, 32 Pac. 1055, 35 Pac. 140, and in the case of *Robertson v. Woolley*, 12 Wash. 326, 41 Pac. 48, the court held that, where a party refused to proceed or to make the contract according to the agreement, there was nothing to rescind and the purchaser was entitled to the money advanced. Accepting plaintiff's version of the transaction as true, that is, that defendant agreed at the time the contract was made that he would make out a written contract for a deed, the last case is in point. It rests on the principle that a vendor cannot withhold any part of the purchase price as long as he is himself in fault.

The judgment is affirmed.

CROW, C. J., GOSE, MOUNT, and PARKER, JJ., concur.