[No. 11448.   Department Two.   January 8, 1914.]

J. H. MILLER et al., Appellants, v. GEORGIETTA MOULTON et al., Respondents.[1]

ASSIGNMENTS—CONTRACTS—PAYMENTS OR SECURITY—CONSTRUCTION. An assignment of a contract for the purchase of land valued at $7,-500, "as part consideration" and "as security for the performance" of the assignor's contract to purchase other lands from the assignee for $10,000, was intended as security only, where the contract of purchase recited a consideration of but one dollar, and provided that the lands in the assigned contract might be sold for not less than $7,500 and the proceeds applied on the purchase price.

VENDOR AND PURCHASER — RESCISSION BY VENDOR — FORFEITURE— SECURITY FOR FULL PERFORMANCE. Upon rescission by the vendor for default in the payment of interest due on a land contract, the vendor cannot retain a land contract assigned as security for full performance of the vendee's contract of purchase.

SAME—REMEDIES OF VENDOR—LIQUIDATED DAMAGES OR PENALTY— CONTRACT—CONSTRUCTION. An assignment of a land contract as part consideration and security for the performance of a contract to purchase land, cannot be retained as liquidated damages as provided in the contract of sale on declaring a forfeiture, where the vendee was required to do many things, such as keeping up the premises and orchard, paying taxes, etc.; since the stipulated sum was to be paid for the nonperformance of several acts of different degrees of importance, making it a penalty; and since the stipulations determining whether it was to be treated as a penalty or liquidated damages are uncertain and ambiguous.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered March 25, 1913, upon the pleadings, granting defendants relief prayed for in an action to declare a forfeiture. Affirmed.

[1]Reported in 137 Pac. 491.

*Reneau, Thomas & Hannan,* for appellants.

*John E. Porter* and *Reeves, Crollard & Reeves,* for respondents.

MORRIS, J.—In July, 1910, J. H. Miller and Noyes Moulton, with their respective wives, entered into a contract for the sale and purchase of eighty acres of land, in Chelan county, for $10,000, one dollar of which was paid on the day the contract bears date, and the balance was payable on or before three years, with semiannual interest on deferred payments at eight per cent. Time was made of the essence of the contract. It was provided that, in case of the vendee's default, they should forfeit all payments made under the contract. The Moultons were, on this date, the holders of a contract for the purchase of 160 acres of land in Douglas county, known in the record as the Underwood contract, and the contract for the Chelan county lands provided that the Moultons "as part of the consideration of this contract and as security for the performance of the same, hereby assign, sell and set over to said parties of the first part [appellants] that certain contract from Julia A. Underwood," etc.

Respondents made default in the fourth interest installment, and appellants, electing to forfeit the Chelan county contract, served notice of such forfeiture, and began this action to obtain a decree of forfeiture. Respondents answered, admitting the default in the payment of interest and receipt of the notice of forfeiture, and alleged the Underwood contract was pledged only as security for the performance of the Chelan county contract, and that appellants, having elected to forfeit the Chelan county contract, had rescinded the same, and thus lost their right and interest in the Underwood contract; and prayed for a decree returning the same to them. The cause coming on to be heard, both parties announced they had no evidence to offer, but relied for judgment on the admissions in the pleadings. The court, after hearing respective counsel, then entered its decree,

granting to appellants full relief as to the Chelan county lands, but denying them any relief as to the Underwood contract, and decreed a return thereof to respondents. This appeal followed.

The land described in the Underwood contract was valued by the parties at $7,500, and it was one of the stipulations in the Chelan county contract that the Moultons might at any time sell the land covered by the Underwood contract at not less than $7,500, in which case the proceeds of such sale were to be applied as payment upon the Chelan county contract. It was also provided that, in case respondents should become entitled to a deed to the land described in the Underwood contract prior to the full performance of the Chelan county contract, such deed should issue to appellants. It is clear to us that it was the intent of both parties that the Underwood contract was turned over merely as security for the full performance of the Chelan county contract; for, had it been intended otherwise, we fail to see how appellants could obtain a default in the payment of interest upon $9,999 as then being due upon the Chelan county contract. The Chelan county contract would, in this view, have also recited a receipt for more than the one dollar at the time of its execution; for whether $7,500 was or was not the true value of the Underwood contract, it had some value, and had it been given and received as part payment, such value would have been expressed in the consideration paid at the time of entering into the Chelan county contract. It is also clear that, if, as provided in the Chelan county contract, the respondents had become entitled to a deed under the Underwood contract and said deed had issued to appellants as stipulated in such case, appellants would have been entitled to receive $17,500 for the Chelan county land, instead of $10,000, the price fixed. This provision alone is a clear indication that the parties regarded the Underwood contract as security only, since no provision is made for applying it in any way to the amount due upon the Chelan county land.

Appellants, having elected to rescind the Chelan county contract for a failure of part performance, cannot retain that which was given to them as security for full performance. Appellants cannot repudiate the contract and at the same time profit by insisting upon the performance of conditions which were not fully matured. Nor can they be permitted to retain the security for the performance of the contract while insisting upon its rescission; since by so doing they would demand an enforcement of all rights given them under the contract while denying any rights to the vendee. It is equally clear that, if the Underwood contract be not regarded as security, the stipulations from which it is to be determined whether it is to be treated as liquidated damages or a penalty are uncertain and ambiguous. Under the contract, the respondents are required to do many things, such as to keep up and care for the premises, to maintain the fruit orchard, pay all taxes and assessments that may be levied, both upon the Chelan and Douglas county lands, and pay interest semiannually; thus bringing the case within the rule announced in *Madler v. Silverstone*, 55 Wash. 159, 104 Pac. 165, 34 L. R. A. (N. S.) 1, where it is said:

"If the principal agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and the stipulated sum is to be paid on the violation of any or all of them, and the sum will in some instances be too large, or if from an examination of the written agreement it is uncertain whether it was the intent of the parties that the stipulation was intended as liquidated damages, or as a penalty, it should be treated as a penalty."

Applying this rule, we must treat the Underwood contract as a penalty, and the same result would be reached as if we regarded it as security only.

For these reasons, the judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.