# CHARLESTON.

L. W. GOFF AND WADE GOFF, *Etc. v.* SARAH E. LOWE *et als.*

(No. 5331)

Submitted February 16, 1926.  Decided February 23, 1926.

1. PARTNERSHIP—*If Right of Partners to Maintain Action Depends on Partnership, Generally Partnership Must be Alleged.*

   In a suit by partners, it is the general rule that their partnership must be alleged, if their right to maintain the action depends upon the fact of such partnership.  (p. 62.)

   (Partnership, 30 Cyc. p. 581.)

2. PRINCIPAL AND AGENT—*Kinship Alone Held Not to Imply Agency, in Sales of Real Estate.*

   Kinship alone does not imply agency in sales of real estate.

3. TENANCY IN COMMON—*One Co-tenant Has no Implied Authority to Act for Another.*

   There is no implied authority in one co-tenant to act for another.  (p. 60.)

   (Tenancy in Common, 38 Cyc. p. 101.)

4. PARTNERSHIP—*If Partnership is not Formed for Purposes of Trade, One Partner Has no Implied Authority to Sell Real Estate Belonging to Firm.*

   Where a partnership is not formed for purposes of trade, one partner has no implied authority to sell real estate belonging to the firm.  (p. 60.)

   (Partnership, 30 Cyc. p. 494.)

   (Note:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Roane County.

Assumpsit by L. W. Goff and another, trading  as  the Roane Realty Company, against Sarah E. Lowe and others. Judgment for plaintiffs, and defendants bring error.

*Judgment reversed; verdict set aside; case remanded.*

*Harper & Baker,* for plaintiffs in error.

*Thos. P. Ryan* and *Grover F. Hedges,* for defendants in error.

HATCHER, JUDGE:

This is an action in assumpsit brought in the circuit court of Roane County. The trial resulted in a verdict in favor of the plaintiffs for $1,300.00. From a judgment sustaining the verdict the case is here on error.

The plaintiffs are in the real estate business in Spencer, under the name of Roane Realty Company. The defendants S. E. and Homer Lowe are the joint owners and proprietors of a hotel in Spencer. S. E. Lowe is the mother of Homer Lowe, and defendant Bessie Lowe is his wife.

On April 16, 1924, the defendants executed a written contract in which they gave the Realty Company the exclusive right, for a period of fifteen days, to buy or sell the hotel property. The price fixed was $65,000.00, in addition to which the purchaser must assume a certain architect's contract and buy at cost such supplies as the hotel should have on hand at the time of the transfer. The Realty Company was to receive a commission of 2% of the sales price "upon completion of the sale".

L. W. Goff, who acted for the Realty Company in this matter, testified that he interested E. W. McKown in the purchase of the property; that within the contract period he had McKown inspect the property; that after the inspection Homer Lowe and McKown had a private conference, following which Homer Lowe told Goff that he and McKown "had traded"; that shortly afterwards McKown told the witness that "he would take the hotel"; that on the same day Homer Lowe and McKown "traded", S. E. Lowe told the witness that she was "awfully glad the property was sold"; that after Homer Lowe and McKown had "traded" the witness "dropped out, and let them attend to the rest of it themselves"; and that some days later Homer Lowe and McKown had a deed prepared, which the witness never saw, but which the defendants S. E. and Bessie Lowe refused to execute.

E. W. McKown confirmed the plaintiff's testimony, with the qualification that the agreement which he and Homer Lowe reached was different in some respects from the terms upon which the Realty Company had been authorized to

sell. The deed was prepared in accordance with that agreement. It did not require McKown to purchase the hotel supplies or to assume the architect's contract, and differed also from the contract of April 16th in the manner in which the $65,000.00 was to be paid. McKown admitted that he had not been willing to take the property on the terms specified in the contract with the Realty Company; that his negotiations and agreements were with Homer Lowe alone; that S. E. and Bessie Lowe were not even present during his negotiations with Homer Lowe; that he could not say that S. E. Lowe knew the terms he and Homer Lowe agreed to; and that after the deed was prepared, its provisions were then discussed in the presence of all the defendants. Question after question was asked McKown relative to whether S. E. Lowe agreed to any change from the contract of April 16th, to each of which he replied, "I don't know".

K. F. McKown, who intended to join with his brother, E. W. McKown, in the purchase of the hotel, testified that he attended a conference with defendants after the deed was prepared, in which the "contract" was discussed, and that he thought the deal was closed. On cross examination he admitted that he never saw either S. E. or Bessie Lowe with the deed, and that neither S. E. or Bessie Lowe agreed to sell him the property.

The plaintiffs offered no evidence whatever showing that S. E. and Bessie Lowe had authorized Homer Lowe to act for them. Each of the defendants explicitly denied that Homer had such right. S. E. and Bessie Lowe stated that they knew nothing of the changed terms made by Homer until after the deed was prepared, and that prior thereto they were under the impression that the deal was to be closed upon the same terms as were specified in the contract of April 16th.

Plaintiffs' contention is that while McKown was not willing to comply with the terms of the written contract, he was ready, able and willing to purchase the hotel property on different terms, upon which he and all the defendants agreed; that failure to complete the sale on the changed terms is chargeable to defendants and that plaintiffs are therefore

entitled to commission. They cite *Realty Co.* v. *Land Co.,* 96 W. Va. 18. The legal principles announced in that well considered case sustain the argument of plaintiffs, but the facts proven here do not support that argument. We find no evidence in the record that the changed terms were ever agreed to by any defendant except Homer Lowe. A "discussion" of those terms in the presence of or by S. E. and Bessie Lowe does not in itself imply a ratification by them. McKown makes no claim of an agreement with S. E. and Bessie Lowe, or a ratification by them of the changed terms. The plaintiffs rely on the statements of Homer Lowe and McKown. This is a case, however, in which the old adage does not apply—it took more than the two, Homer Lowe and McKown, to make a bargain.

The evidence admits of only one analysis. The terms proposed in the contract of April 16th did not suit McKown; his counter offer, while acceptable to Homer, was not satisfactory to S. E. Lowe. Homer and McKown apparently supposed that S. E. Lowe would agree to the changed terms, and consequently reported a "trade". S. E. Lowe had no information of the changed terms and thought the "trade" had been made on the offer of April 16th. The several remarks of each party to Goff were based on these inferences. Instead of a "trade", there was *a misunderstanding.* Instead of the minds of the parties meeting as plaintiffs' brief broadly asserts, the minds of Homer and McKown were the only two which met. So long as McKown's offer was not accepted by S. E. Lowe, the effect was the same as if it had been unsatisfactory to both co-tenants, in that no sale was completed.

Counsel for plaintiffs, however, contend that Homer was the agent of S. E. Lowe, and that she is therefore bound by his agreement with McKown. The charge of agency is based on the relationship between the two as mother and son, as co-tenants, and as partners. Kinship alone does not imply agency. 2 C. J. 440 (par. 35); Mechem on Agency, pars. 156 and 169: There is no inherent right in one co-tenant to represent another. Mechem, *supra,* par. 186; 38 Cyc. 101; 17 A. & E. Ency. of Law, 672 (2); Freeman Cotenancy and

Partition, par. 182; *Murphy* v. *Lewis,* 76 N. J. L. 141; *James* v. *Darby,* 100 Fed. 224; *Blackledge* v. *Davis,* 129 Iowa 591. "The authority of a tenant in common to act as agent for his co-tenant in a given transaction cannot be inferred from his undertaking so to do in the particular instance." *Union Hosiery Co.* v. *Hodgson,* 72 N. H. 427. It is alleged in argument that Homer and S. E. Lowe were partners in the hotel management. Partnership is not proven, but granting this to be the case, partnership alone does not imply authority in one partner to sell the firm's assets, when the partnership is not commercial. 30 Cy. 493 (b); 22 A. & E. Ency. 144; 20 R. C. L. 884; Rowley, Modern Law of Partnership, par. 412; Lindley, Law of Partnership, 156 (2).

Goff should have ascertained the extent of Homer's authority and not rested upon bare inference or supposition. This is elementary. Mechem, *supra,* par. 743 *et seq.*

The agency of Homer Lowe was an issue in this case, and therefore the burden was on the plaintiffs to prove such agency by a preponderence of the evidence. This they have failed to do.

No sale having been completed, no commission was due plaintiffs under the contract of April 16th, unless the sale was wrongfully prevented by the defendants. *Parker* v. *B. & L. Assn.,* 55 W. Va. 134; *Hale* v. *Kemper,* 85 Fed. 161; *Long* v. *Flory,* 112 Va. 721. The evidence discloses no wrongful act by S. E. Lowe. She was not culpable in being mislead by Homer and McKown about their "trade." Goff himself was likewise mislead. When she learned that McKown was not willing to meet her offer of April 16th, she was within her rights in refusing McKown's terms, and in increasing her demands.

It does not appear that the Realty Company could have completed a sale if the misunderstanding relative to the "trade" had not occurred. The contract period had about expired at the time Homer and McKown announced their "trade". The Realty Company had no prospect except McKown, and he was not willing to meet the terms under which the Realty Company had the right to sell. The misunderstanding was unfortunate but apparently not prejudicial to

plaintiffs. The undertaking of the Realty Company was *to complete* a sale of the hotel. Reward is due the plaintiffs under the contract of April 16th not for effort, however meritorious, but only for success. *Sibbald* v. *Iron Co.,* 38 N. Y. 378. Under the evidence herein the mistaken statements of Homer and S. E. Lowe, and the mistaken inference of Goff therefrom, will not sustain an action.

Instructions 1 and 3 given for plaintiffs are based on the two assumptions that McKown was willing to meet the terms proposed in the contract of April 16th and that the defendants agreed to the changes proposed by McKown. Plaintiffs' instruction No. 4 is formulated on the theory that a contract was finally reached between McKown and all the defendants. The evidence does not support these instructions and it was error to give them.

The declaration in this case contains only the common counts in assumpsit. The defendants contend that the evidence of plaintiffs was not admissible under the common counts. The theory of plaintiffs is that they have fully performed their obligation. *Wallace* v. *Pritchard,* 92 W. Va. 352, upholds their right to present their case under the common counts.

Defendants further contend that in a case such as this it is requisite that the existence of the partnership be pleaded. Despite obiter to the contrary appearing in *Wilson* v. *Oil Co.,* 46 W. Va. 471, the general rule sustains the defendants' contention. "As a general rule, where two or more plaintiffs sue as partners, and their right to join as plaintiffs or to maintain the action depends upon the fact of their partnership, such fact must be alleged in the declaration or complaint. Thus, where the action is upon a cause of action accruing to the firm, as where it is upon a contract made in the firm name, or upon a note made payable to or specially indorsed to the firm in its firm name, the averment of a partnership between the plaintiffs under such firm name is a necessary and material averment in order to show the identity between the plaintiffs and the obligee or owner of the cause of action sued on—in other words, to show a title to maintain the suit." 15 Ency. Pl. and Pr., 908 and 909;

accord 30 Cyc. 580 and 581; 21 St. Ency. Pro., 72. In the contract of April 16th, the names of the plaintiffs do not appear. Their right to sue on that contract as individuals depends on the fact that they are partners under the name of Roane Realty Company. It therefore follows that the existence of the partnership is a material fact and an essential allegation. *Bischoff* v. *Blease,* 20 S. C. 460.

The declaration, however, alleges that plaintiffs, "doing business as the Roane Realty Company, complain," etc. The proper averment would be a direct statement that plaintiffs are partners. But the allegation of "doing business", in connection with the names of individuals, is a stock phrase in common law pleading to denote a partnership, and as such is generally understood. We are therefore constrained to hold that the averment alleges partnership.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and the case remanded.

*Judgment reversed; verdict set aside; case remanded.*