[No. 27897. Department Two. October 3, 1940.]

TUNGSTEN PRODUCTS, INC., *Respondent,* v. OFFA M. KIMMEL *et al., Appellants.*[1]

[1]Reported in 105 P. (2d) 822.

*Post, Russell, Davis & Paine* and *Stimson & Donahue,* for appellants.

*Gleeson & Gleeson,* for respondent.

BLAKE, C. J.—The defendants, Offa M. Kimmel, Mabel Kimmel, Keturah C. Kimmel, A. W. Kemp, and J. M. Fitzpatrick, are the owners, as tenants in common, of mining contracts or leases to certain state lands in Stevens county. July 28, 1938, the defendants entered into a contract for the sale of their interests to plaintiff. Plaintiff paid two thousand dollars in cash upon the contract price of one hundred and fifty-two thousand dollars. The balance was to be paid out of royalties from the proceeds of sales of minerals extracted from the property. Among the covenants undertaken by plaintiff was one to the effect that 2,080 man hours of work per month should be done in the development and improvement of the property. November 30, 1938, plaintiff ceased all operations, and it has performed no

work in the development and improvement of the property since that date.

January 28, 1939, defendants, pursuant to the terms of the contract, gave notice to plaintiff that the contract was in default because the stipulated hours of work had not been performed in the month of December. Thereafter, plaintiff brought this action for rescission, alleging that, on November 30, 1938, defendants had agreed to suspension of work on the property for a period of ninety days. This defendants denied. Affirmatively, they alleged default and claimed a forfeiture.

The trial court found that defendants had agreed to a suspension of work for ninety days; that the contract was not in default on January 28, 1939, when defendants gave notice; that the claim of default amounted to a breach of the contract by defendants which entitled plaintiff to rescind. From a decree accordingly entered, defendants appeal.

Respondent moves to dismiss the appeal on the ground that the appeal was not timely taken. Subsequent to the entry of the decree, a motion for new trial was interposed, which was overruled September 1, 1939. Notice of appeal was given September 28th. As we understand it, respondent contends that, because no specific assignment of error was made to the order denying the motion for new trial, appellants waived their motion; and that, in consequence, time for giving notice of appeal began to run from the date of judgment (August 14th).

No authority has been cited in support of the contention, and we think it is without substance. This court has at all times been committed to the rule that, where a motion for new trial is made subsequent to the entry of the decree, the time for giving notice of appeal begins to run from the time of entry of an order denying a new

trial. *Bezich v. Columbia Ins. Co.,* 168 Wash. 379, 12 P. (2d) 413.

The finding of the trial court that appellants had agreed to the suspension of work on the property for a period of ninety days was based on the theory that Offa M. Kimmel was the agent of the other appellants. That he himself actually made such an agreement on November 30, 1938, cannot be doubted. That he had authority to speak for his associates, is another matter. It is alleged in the complaint and admitted by the answer that appellants held the leases from the state as tenants in common—each owning an undivided one-fifth. The mere fact that they were tenants in common did not in itself confer upon Offa Kimmel the powers of an agent for the others.

It is well settled that one cotenant cannot do anything with respect to the common property binding upon his cotenants unless they may have authorized or ratified his act. No agency by implication arises out of his act merely from the relationship of co-tenancy. *Rowe v. James,* 71 Wash. 267, 128 Pac. 539; *Hamilton v. Johnson,* 137 Wash. 92, 241 Pac. 672; *Lonnqvist v. Lammi,* 242 Mass. 574, 136 N. E. 610; *Goff v. Lowe,* 101 W. Va. 57, 131 S. E. 870.

The rule has been specifically applied in cases such as this—where one co-tenant has attempted to waive the forfeiture clause of a contract or lease. *Wally v. Jones,* 275 Pa. 250, 119 Atl. 75; *Penrose v. Penn Forest Coal Co.,* 289 Pa. 519, 137 Atl. 670.

Respondent invokes the doctrine of "apparent authority." The application of that doctrine presupposes the establishment of the relationship of principal and agent. Here we find nothing in the record—no act or word on the part of Offa Kimmel's cotenants—which would authorize him to speak for them in agreeing to the suspension of work on the property.

Indeed, it is hardly inferable from the record that Kimmel even pretended to speak for his cotenants when the matter of suspension of work came up for discussion. The president of the respondent, after relating the conversation with Kimmel in which the latter agreed to a suspension of work for ninety days, testified:

"Mr. Kimmel made this statement, as near as I can remember: the boys when they came up there brought an extension in writing that Mr. Summers, the attorney, had written up to be signed by Mr. Kimmel, but I told the boys I didn't think it was necessary to present that because Mr. Kimmel's word had always been good with me—they had allowed the property to shut down the year before and there was no trouble about that. I handed it to him and he said he couldn't sign that, he would have to take it up with the others, 'but,' he said 'I will take it with me' and he took it at that time. Q. That was an extension agreement. A. Yes, relieving the company from man hours for December, January, and February, or January, February and March."

We conclude that, so far as Kimmel's cotenants are concerned, there was no waiver of the "man hours per month" covenant, and that the contract was in default on January 28, 1938, when notice to that effect was served on respondent. Appellants are entitled to a decree canceling the contract and restoring them to possession of the property.

It does not follow, however, that respondent is not entitled to some relief. The contract contains no forfeiture clause—no provision that appellants may retain amounts paid on the purchase price in case of default by respondent. It merely provides that, in case of default, "this agreement may at the option of the [appellants] be terminated, and the rights of the second party ended . . ."

In the absence of a forfeiture clause, this court has held in numerous cases that a vendor who rescinds must restore amounts paid on the purchase price, with interest, less such damages as he may have sustained, when the vendee, although in default, acquiesces in the rescission. *Reidt v. Smith,* 75 Wash. 365, 134 Pac. 1057; *Jones v. Grove,* 76 Wash. 19, 135 Pac. 488; *Miller v. Moulton,* 77 Wash. 325, 137 Pac. 491; *Jackson v. White,* 104 Wash. 643, 177 Pac. 667; *Knowles v. LaPure,* 189 Wash. 456, 65 P. (2d) 1260. Respondent is entitled to recover the sum of two thousand dollars paid at the time the contract was executed, together with interest—no issue as to damages having been raised by appellants.

The court in its decree allowed respondent a reasonable time within which to go upon the property and remove a certain quantity of ore and mining equipment. The contract expressly provided that "machinery, tools, and equipment" brought onto the premises by respondent should remain its property and might be removed within a period of sixty days after notice of default. While respondent failed to remove such machinery, tools, and equipment within the specified period, we think the rule above applied with respect to the down payment is applicable, and that respondent is entitled to recover such "machinery, tools, and equipment" as were brought upon the property by it.

The trial court allowed also the removal of equipment placed and left upon the property by the vendee under a former contract which had been defaulted. This holding was based upon the theory of identity of interest between the vendee under the former contract and respondent. But we are unable to find anything in the contract between respondent and appellants that gives to respondent any right to machinery, tools, or

equipment brought and left on the property prior to July 28, 1938.

Likewise, with respect to ore on the dumps, the court allowed for the removal of ore mined and left by the vendee under the previous contract. Respondent is entitled to remove only such ore as was mined by it. The amount of such ore was between "thirty and forty tons."

The cause is remanded, with directions to modify the decree in the particulars indicated—permitting respondent a period of thirty days after the entry of the modified decree to go upon the property for the purpose only of removing thirty-five tons of ore and such machinery, tools, and equipment as were brought onto the property by it subsequent to July 28, 1938.

BEALS, STEINERT, JEFFERS, and DRIVER, JJ., concur.