966 P.2d 912 (1998)
90 Wash.App. 456
Michael H. SULLIVAN and Lisa Sullivan, husband and wife, d/b/a Pine River Management, Respondents,
v.
Michael PURVIS and Sherri Purvis, husband and wife, and their marital community, Appellants.
No. 16413-6-III.
Court of Appeals of Washington, Division 3, Panel Nine.
February 10, 1998.
Publication Ordered March 23, 1998.
*913 Lisa M. Esposito, Northwest Justice Project, Spokane, for Appellants.
Anna K. Nordtvedt, Newport, for Respondents.
SWEENEY, J.
Michael and Sherri Purvis contend the court lacked subject matter jurisdiction over this eviction case because the landlord's notice of eviction failed to comply with the terms of RCW 59.18, the Residential Landlord-Tenant Act. We agree and dismiss.

FACTS
On April 24, 1992, Michael and Sherri Purvis (Purvis) leased an apartment from Michael H. and Lisa Sullivan, d/b/a Pine River Management, (Sullivan) through October 31, 1997.
On August 14, 1996, Sullivan served Purvis with a 30-day notice to terminate tenancy. The notice informed Purvis his tenancy "is hereby terminated" at 12:00 a.m. on September 15, on which day he will be required to surrender possession of the premises. The notice states the action is "pursuant upon the noncompliance(s) issued for repeated violations" of the lease agreement and lists six lease provisions. The notice does not contain a performance alternative.
On September 19, Sullivan sued for unlawful detainer pursuant to the Residential Landlord-Tenant Act, RCW 59.18. Purvis had been cited for continued noncompliance by the manager and had failed to correct the problems. Sullivan claimed the right to a writ of restitution pursuant to RCW 59.18.180, holding over fees, damages, interest, and attorney fees of $500 pursuant to RCW 59.18.410.
*914 Trial was set for November 15. Sullivan's counsel presented a handwritten agreement in the form of a court order that granted the writ of restitution. The order required Purvis to vacate no later than December 31. And a writ of restitution was to issue if he did not vacate or if any further noncompliance notices were received, or if Purvis retaliated against complaining neighbors. The order was approved by Sherri Purvis acting pro se, Sullivan, and Sullivan's counsel and signed by the judge.
Purvis hired a lawyer. On December 13, he moved to vacate the order and quash the writ based on lack of subject matter jurisdiction because the notice to terminate did not give Purvis the option of correcting the violations. The court concluded it had jurisdiction and that the Purvis jurisdictional challenge was too late. It then denied the motion and ordered Purvis to vacate by January 8, 1997. Purvis appeals.

DISCUSSION
The law on this issue is well settled. Jurisdiction is statutory. A 10-day alternative to cure lease violations is a jurisdictional condition precedent to an unlawful detainer action for breach. Sowers v. Lewis, 49 Wash.2d 891, 895, 307 P.2d 1064 (1957). Unlawful detainer is in derogation of common law; the statutes create a summary action. In order to take advantage of the act's provisions for summary restitution, however, the landlord must strictly comply with its requirements. Housing Auth. v. Terry, 114 Wash.2d 558, 563-64, 789 P.2d 745 (1990).
In an action for unlawful detainer based on a covenant breach, a notice that does not give the tenant the alternative of performing the covenant or surrendering the premises does not comply with the provisions of the statute. And the court has no authority to adjudicate the controversy. Sowers, 49 Wash.2d at 894, 307 P.2d 1064; Kelly v. Schorzman, 3 Wash.App. 908, 912-13, 478 P.2d 769 (1970).
The court's inherent power to fashion a method by which an unlawful detainer action is converted to an ordinary civil action can be invoked only if the right to possession is no longer in dispute. Munden v. Hazelrigg, 105 Wash.2d 39, 45-46, 711 P.2d 295 (1985). Here, Purvis did not relinquish his right to possession until ordered to.
Sullivan and the superior court cite Marley v. Department of Labor & Indus., 125 Wash.2d 533, 886 P.2d 189 (1994) for the proposition that the court could render judgment notwithstanding an erroneous application of the law. Marley does affirm such authority. But the decision rests on an assumption of proper jurisdiction. And it specifically states that lack of subject matter jurisdiction voids the court's orders. Id. at 538, 886 P.2d 189.
Jurisdiction relates to the power of the court, not to the rights of the parties as between each other. Wesley v. Schneckloth, 55 Wash.2d 90, 93, 346 P.2d 658 (1959). Jurisdiction cannot, therefore, be conferred by agreement or stipulation of the parties. Id. Any judgment entered without jurisdiction is void. Id. at 93-94, 346 P.2d 658. A party may waive personal jurisdiction, but not subject matter jurisdiction. In re Puget Sound Pilots Ass'n, 63 Wash.2d 142, 148, 385 P.2d 711 (1963).
Sullivan contends the numerous written notices of noncompliance provided more than adequate notice which satisfied the statutory notice requirement. The act does provide for written notice from the landlord to the tenant specifying health and safety violations and demanding compliance. RCW 59.18.180. If the tenant fails to remedy the problem within 30 days, the landlord may commence an action under RCW 59.12. RCW 59.12, however, requires the same notice, including the perform or vacate alternative, that is at issue here. RCW 59.12.030(4). The written notices under RCW 59.18.180 expire after 60 days unless further action under the act is taken. RCW 59.18.190.
The prior communications argued by Sullivan are not part of the record. But it is irrelevant how often or forcefully Purvis was informally notified of alleged breaches of his lease. The landlord elected to proceed under RCW 59.12, but failed to perform the jurisdictional requirement of strict compliance. *915 The court lacked subject matter jurisdiction. Its order is void.
In keeping with the peacekeeping purpose of RCW 59.12, Heaverlo v. Keico Indus., Inc., 80 Wash.App. 724, 728, 911 P.2d 406 (1996), dismissal without prejudice is appropriate. Tuschoff v. Westover, 65 Wash.2d 69, 73, 395 P.2d 630 (1964), overruled on other grounds by Munden, 105 Wash.2d 39, 711 P.2d 295.
The order of the court is reversed and the action dismissed without prejudice.
KURTZ, Acting C.J., and KATO, J., concur.