2017 APR 24 AM 58

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

MARIAN LANDA,

               Respondent,

        v.

HAELLEN HOLIDAY,

               Appellant.

)
)
)
)
)
)
)
)
)
)
)

No. 74406-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 24, 2017

APPELWICK, J. — Landa brought an unlawful detainer action to remove Holiday from property that Landa owned. The trial court ruled in favor of Landa. Holiday argues that, as Landa's employee, she was exempt from the Residential Landlord-Tenant Act of 1973.[1] We affirm.

## FACTS

Haellen Holiday was Marian Landa's massage therapist. Landa offered Holiday a place to live. The parties did not sign a lease. The record does not reflect the specific terms of the agreement.[2] The offer was part of an informal "barter agreement," although Holiday was not Landa's employee.

---

[1] Chapter 59.18 RCW.

[2] Holiday appended two declarations to her opening brief. These declarations discuss the nature of the arrangement between Landa and Holiday, and attack Landa's credibility. We do not consider these declarations, because "[a]n appendix [to an appellate brief] may not include materials not contained in

Holiday began her tenancy in May 2015. On October 22, 2015, Landa notified Holiday in writing that she was terminating their agreement for financial reasons. Landa planned to rent the entirety of the premises as a single unit, and she asked Holiday to vacate the premises by December 1, 2015.

On November 6, 2015, after receiving puzzling messages from Holiday, Landa visited the premises. Landa discovered that Holiday had intentionally destroyed and removed many of Landa's personal belongings. On November 10, 2015, Holiday was served with a three day notice to vacate. On November 18, 2015, the trial court granted Landa's motion to show cause and scheduled the show cause hearing for November 30, 2015.

Both parties appeared at the show cause hearing. The trial court signed an order directing issuance of writ of restitution on November 30, 2015.[3] After that hearing, on the same day, Holiday vacated the premises without forcing Landa to actually obtain a writ of restitution. Holiday appeals.[4]

DISCUSSION

Holiday argues that the trial court lacked subject matter jurisdiction, because Holiday was an employee of Landa. She claims this is so, because

---

the record on review without permission from the appellate court." RAP 10.3(a)(8).

[3] The copy of this order in the record does not evidence the trial court file stamp. But, neither party disputes that this is an accurate copy of the trial court's order.

[4] Holiday's notice of appeal stated that she was appealing the judgment and order entered by the trial court. But, no judgment appears in the record. And, the only order in the record that pertains to her substantive arguments is the order directing issuance of writ of restitution. Therefore, we presume that this is the order that Holiday intends to appeal.

2

under RCW 59.18.040(8), employees are generally exempt from the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. In response, Landa argues that Holiday failed to preserve this argument, the issue is moot, and the trial court nevertheless had subject matter jurisdiction. Landa also argues that we should award attorney fees in her favor, because Holiday's appeal is frivolous.

I. Exemption from RLTA

Holiday contends that she is exempt from an unlawful detainer action because she was an employee of Landa.[5] An "employee of a landlord whose right to occupy is conditioned upon employment in or about the premises" is exempt from the RLTA. RCW 59.18.040(8). Holiday claims that, because she was Landa's employee, RCW 59.18.040(8) divested the trial court of subject matter jurisdiction. And, RAP 2.5(a)(1) permits parties to argue subject matter jurisdiction for the first time on appeal.[6]

_____

[5] Landa argues that this case is moot. A case is moot if the court cannot provide the basic relief originally sought, or can no longer provide effective relief. Josephinium Assocs. v. Kahli, 111 Wn. App. 617, 622, 45 P.3d 627 (2002). However, an unlawful detainer action is not moot simply because the tenant does not have possession of the premises at the time of appeal. Hous. Auth. v. Pleasant, 126 Wn. App. 382, 388, 109 P.3d 422 (2005). Rather, if the tenant does not concede the right of possession, she has the right to have the issue determined. See id. at 389. And, although no writ was ultimately necessary, Holiday vacated the premises only after the trial court authorized the issuance of the writ of restitution. Thus, while Holiday may have vacated the premises without court compulsion, the record suggests that she did not "voluntarily" surrender the premises on her own accord. We therefore decline to deem this case moot, and, to the extent the record allows, we address the authority cited by Holiday.

[6] Nothing in the record reflects the arguments that Holiday made below.

3

The trial court's subject matter jurisdiction in cases involving the title to real property is expressly granted by the state Constitution and has not been vested exclusively in some other court. MHM&F, LLC v. Pryor, 168 Wn. App. 451, 460, 277 P.3d 62 (2012). It is not statutory. See id. at 459. Thus, whether the trial court correctly applied the employee exemption to the RLTA does not bear on the trial court's subject matter jurisdiction.[7]

Holiday's argument is that the statutory exemption found in RCW 59.18.040(8) applies to her. Unlike subject matter jurisdiction, this is a question of law which can be waived if not raised below. See RAP 2.5(a). It was not raised and has been waived.[8]

The trial court did not lack subject matter jurisdiction, and did not err in ordering the issuance of a writ of restitution.

## II. Attorney Fees

Landa asks that we award attorney fees in her favor because Holiday's appeal was frivolous. RAP 18.9(a) permits an appellate court to award a party attorney fees when the opposing party filed a frivolous appellate action. Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170

---

[7] Holiday also cites Sullivan v. Purvis, 90 Wn. App. 456, 966 P.2d 912 (1998) for the proposition that the trial court lacked subject matter jurisdiction. That case addressed whether the landlord complied with statutory notice requirements. Id. at 458-59. But, Holiday argues that she was exempt from the RLTA, not that notice was insufficient. Therefore, Sullivan does not bear on the merits of Holiday's arguments.

[8] The record does not prove that Holiday was Landa's employee. The record shows that Holiday and Landa had some form of barter agreement. But, Landa's declaration explicitly states that Holiday was not her employee. Nothing in the record disputes Landa's assertion.

4

Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. Id. All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant. Id.

Holiday's argument that her status as Landa's employee divested the trial court of subject matter jurisdiction lacked merit. Likewise, any jurisdictional argument based on an employee-employer relationship was waived because nothing in the record shows that she raised the arguments below. See RAP 2.5(a). Holiday's appeal therefore had no merit and no possibility of reversal. We award attorney fees to Landa, subject to her compliance with RAP 18.1(d).

We affirm.

WE CONCUR: